02-22133.oa

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 02-22133-CIV-COOKE

DR. MIGUEL ANTONIO MEDINA,
an individual and ANA MARIA VALLEJO,
his wife, an individual,

    Plaintiffs,

vs.

AMERICAN AIRLINES, INC., a foreign
corporation,

    Defendant.
_____/

## ORDER RE: MOTION TO EXCLUDE TESTIMONY

**This matter** is before this Court on Defendant...'s Motion to Exclude Testimony..., filed September 20, 2006. The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

It appears that there may be two issues contained in this motion: (1) a request to exclude the testimony of Mr. Lingle offered at the trial in this case related to his deposition of November 10, 2004; and (2) a request to exclude that deposition from being used as evidence in this case.

As to the second issue, the motion is **GRANTED**. Plaintiffs' attempt to use the deposition after having more than one opportunity to comply with a Court order regarding same will not be permitted. Furthermore, there is prejudice to defendant in that objections have not been made, cross-designations have not been made etc.

In the reply, defendant states that plaintiffs' attorney "repeatedly referenced the November 10,

2004 testimony of Mr. Lingle, for substantive and impeachment purposes, throughout the trial of this action". Defendant does not cite a specific instance, nor does defendant cite to specific portions of the transcript. The Court is simply referred, for support, to the Transcript of Trial Proceedings...". The Court does not plan to review the entire transcript to determine what, if anything, defendant is referring to. If actual testimony of Mr. Lingle from that deposition was introduced at the trial, and the first objection to same was in closing argument, that testimony will be permitted. Nothing else in that deposition will be permitted into evidence. If counsel merely referred to that deposition in questioning or comment or argument, that is not evidence in the case, and does not open the door to the admissibility of the deposition.

**DONE AND ORDERED** this 18th day of October, 2006, at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE