UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-22133-CIV-COOKE/BROWN

DR. MIGUEL ANTONIO MEDINA,
an individual and ANA MARIA VALLEJO
DE MEDINA, his wife, an individual,

       Plaintiffs,
vs.

AMERICAN AIRLINES, INC., a foreign
corporation,

       Defendant.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause was tried to the Court non-jury on August 14, 2006, upon stipulation of the parties, Plaintiffs DR. MIGUEL ANTONIO MEDINA and ANA MARIA VALLEJO DE MEDINA and Defendant AMERICAN AIRLINES, INC. The Court has heard the testimony on the part of both parties, received and reviewed the file, examined the Court record, and has heard argument by both counsel. The Court hereby makes the following findings of fact and conclusions of law:

### I. FINDINGS OF FACT

1. Defendant, American Airlines, Inc. ("American"), is a foreign Corporation with its principal place of business in Ft. Worth, Texas, doing business in Miami Dade County, Florida, and provides commercial air transportation services for profit throughout most of the world.

2. On January 5, 2001, a Friday, Plaintiffs Dr. and Mrs. Medina, were paying passengers aboard an aircraft, owned and operated by American, on a flight from Miami, Florida to Cali, Columbia.

3. While in flight, an unknown flight attendant served coffee to Dr. Medina, who was seated in the middle seat with his wife, Mrs. Medina, next to him by the window, and an unidentified passenger seated on his opposite side in the aisle seat.

4. The flight attendant placed the cup of coffee in front of Dr. Medina on the folding tray table. The flight attendant served the coffee in a styrofoam cup with no lid. Both Dr. Medina and Mrs. Medina testified at trial that the cup was filled to the brim. This "theory of liability" was not raised in the pleadings and only surfaced recently, given the history of the case. Furthermore, this "filled to the brim" cup was apparently not spilled by the flight attendant as there was no evidence of same and no evidence she had any difficulty placing it on Dr. Medina's tray in the middle seat. Coupled with the ability of this Court to observe the testimony and demeanor of the witnesses, this testimony is rejected.

5. Dr. Medina testified that when he attempted to pick up the cup of coffee with his right hand, he "tried to take it to [his] mouth, but it was so hot that [he] held up the other hand to hold it" and that he "was getting [his] hands burned." Tr. 54. Dr. Medina then spilled the cup onto his lap, severely burning his abdomen and groin area. He admitted that after feeling the allegedly hot cup, there was nothing preventing him from leaving it on the tray to cool off.

6. Dr. Medina suffered serious burns to his abdomen and groin area which took months to heal and left visible scarring.

7. Immediately following the accident, Dr. Medina spoke with Ryan Waddoups who was a flight attendant at that time (no longer with American Airlines). Dr. Medina told him only that "it was an accident" and he'd spilled the coffee on himself. He sought first-aid and was, according to

Mr. Waddoups, whom the Court found to be generally credible, provided same, though Dr. Medina testified somewhat to the contrary.

8. Dr. Medina requested that Mr. Waddoups secure a doctor to await his arrival at the airport so that his injuries could be immediately attended to. Mr. Waddoups' supervisor informed Dr. Medina that he would request a doctor for him, but that Mr. Medina would be responsible for all medical costs and/or fees. Quite clearly, this allegedly insensitive act on the part of defendant evoked as much ... if not more ... emotion from the doctor, than the incident itself ... along with their failure to apologize to him.

9. There was no evidence of any turbulence or other unexpected movement of the aircraft that caused or contributed to this accident.

10. The parties stipulate that Dr. Medina incurred medical expenses in the amount of $4,500.00.

## II.   CONCLUSIONS OF LAW

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (a) in that this is a civil action arising under the laws and treaties of the United States, including Warsaw Convention, 49 U.S.C. § 1502 et. seq., and all relevant laws applicable thereunder, thereby presenting a "federal question."

2. The Court finds that the Warsaw Convention, the International Air Transport Association Intercarrier Agreement (IATA), and the Montreal Intercarrier Agreement of 1966 govern this case, and that American is strictly liable in the amount of 100,000 Special Drawing Rights (SDRs) as specified in these treaties.

3. Article 21 of the Warsaw Convention provides that "[i]f the carrier proves that the damage was caused by or contributed to by the negligence of the injured person, the court may, in accordance with the provisions of its own law, exonerate the carrier wholly or partly from his liability." The Court concludes that American met its burden of proving not only that Dr. Medina was comparatively negligent in causing the accident, but he was the sole proximate cause of same, as the only uncontroverted evidence establishes that Dr. Medina attempted to pick up a coffee cup with what he knew to be hot coffee and attempted to drink it when, by his own claim, it was too hot too handle and he could have put it back on the tray and/or allowed some cooling to take place.

4. Article 20(1) of the Warsaw Convention also provides that a carrier is liable unless "he proves that he and his agents have taken all necessary measures to avoid the damage or that it was impossible for him or them to take such measures." The Court concludes that American took all "necessary measures" to prevent the accident as required by Article 20(1) of the Warsaw Convention and interpreted by the courts as "an undertaking embracing all precautions that in sum are appropriate to the risk . . . ." *Mfrs. Hanover Trust Co. v. Alitalia Airlines*, 429 F. Supp. 964, 967 (S.D.N.Y. 1977), *aff'd*, 573 F.2d 1292 (2d Cir. 1977), *cert. denied*, 435 U.S. 971 (1978); *see also Kwon v. Singapore Airlines*, 356 F. Supp. 2d 1041, 1047 (N.D. Cal. 2003); *Lee v. American Airlines*, No. CIVA3:01-CV-1179-P, 2004 WL 2624647, at *1 (N.D. Tex. Nov. 17, 2004).

The phrase "all necessary measures" has been interpreted to mean "all reasonable measures." *See Lee*, 2004 WL 2624647, at *1 (granting defendant carrier's motion for partial summary judgment); *Kwon*, 356 F. Supp. 2d at 1047 (holding that defendant carrier's liability was limited based

on the fact it took all reasonable measures to avoid plaintiff's damages); *Obuzor v. Sabena Belgian World Airlines*, No. 98 CIV 0224(JSM), 1999 WL 223162, at *2 (S.D.N.Y. April 16, 1999) (granting defendant carrier's motion for summary judgment); *Mfrs. Hanover Trust Co.*, 429 F. Supp. at 967. "The carrier need only show that it took 'all precautions that in sum are appropriate to the risk, *i.e.* measures reasonably available to defendant and reasonably calculated, in cumulation, to prevent the subject loss.'" *Lee*, 2004 WL 2624647, at *1 (*citing Verdesca ex rel. v. American Airlines*, 3:99-CV-2022-BD, 2000 WL 1538704, at *3 (N.D. Tex. Oct. 17, 2000)). It is not necessary for the carrier to take every precaution that might have prevented the loss in order for it to rely on the Article 20 defense. *Id.*

5. With regard to paragraph 4, supra, two allegations need to be briefly addressed. While the burden of proof as it regards negligence may lie with the defendant, it need not rebut or refute each and every bare allegation of the plaintiffs. This is relevant with regard to allegations that the coffee was "too hot," and the allegations related to the fact that the coffee was served without a lid.

As to the former, this claim comes only from the testimony of Dr. Medina, and without supporting expert testimony is unworthy of consideration. With all due respect to Dr. Medina, what he thinks is "too hot" and what every other person may think is "too hot" does not create an issue that required response. As to the latter, there was no meaningful testimony regarding this issue, but mainly argument of counsel. Here again, expert testimony, at a minimum, was a necessity.

### III.  CONCLUSION

6.  This cause came before the Court on Plaintiffs, DR. MIGUEL ANTONIO MEDINA and ANA MARIA VALLEJO DE MEDINA, Complaint for damages against Defendant, AMERICAN AIRLINES, INC. This Court having heard the testimony and argument on the part of both parties, received and reviewed the file, and examined the Court record, it is hereby:

**ORDERED AND ADJUDGED** that the Court finds in favor of the Defendant and against the Plaintiffs and awards no damages in accordance with the terms of this Order. The Court will entertain any motions for attorneys' fees and costs and retains jurisdiction for this purpose.

**DONE AND ORDERED** in chambers in Miami, Florida, this 13th day of November 2006.

Stephen T. Brown
U.S. Magistrate Judge